# CHARLESTON.

DAMRON *et al. v.* SMITH *et al.*

Submitted January 12, 1893.—Decided January 28, 1893.

RECORDING—JUDGMENT—LIEN.

A person has equitable title to land under an executory written contract, and by written assignment transfers it to another, which assignment is not recorded, and a judgment goes against the assignor. The assignment is void as to such judgment, and the equitable right to the land under the contract and assignment is subject to the judgment, because of failure to record the assignment.

H. K. SHUMATE for appellant cited 3 W. Va. 4; 14 W. Va. 1; 21 W. Va. 698; 26 W. Va. 710; 32 W. Va. 585; Code, c. 125, s. 44; 1 Am. & Eng. Ency. L. 182; 28 W. Va. 546.

J. S. MARCUM for appellees.

BRANNON, JUDGE:

Damron and Preston brought a chancery suit in Wayne county to enforce a judgment against Perry, and to avoid a transfer of land from Perry to Smith as fraudulent. Smith had sold Perry the land, and made him an executory contract, in writing, attesting the sale. Perry was a constable, and became involved to a small amount; and, while so involved, by a writing he assigned the contract to Smith and others who were sureties on his bond, and who claimed to have paid money for Perry as such sureties. The decree subjected the land to sale, and Smith appealed.

I do not deem it necessary to consider the question whether the tranfer of the title-bond from Perry to Smith and others was with fraudulent intent, because even if not tainted with such intent, the land must be held liable, for the reason that the assignment of the title-bond or executory contract from Perry to Smith and others was never recorded. The purchase-money had been paid, and Perry was vested with an equitable title to the land, and was entitled to demand a deed from Smith, as the evidence clearly shows, and the judgment attached to the land, and avoided the transfer.

Complaint is made that the court struck out answers of the defendants. Taking as true every word of the answers denying the fraud, yet as the land is liable, not for fraud, but because of the docketed judgment and the failure to record the assignment, the answer presented no defence; and, though it were error to strike them out for the cause assigned, yet, as they could not possibly have averted a decree rendering the land liable, I would not consider it reversible error. They were allowed to be filed before the decree of sale, and it may be said this cured the error, though I do not deem it necessary to further pursue this matter.

The decree is therefore affirmed.

AFFIRMED.