# CHARLESTON.

Standard Mercantile Co. *v.* Ellis *et al.*

Decided November 24, 1900.

48 309
f48 359

48 309
5، 145
5، ،46

48 309،
61 477،

1. Purchase With Wife's Money—*Resulting Trust.*
   Where property has been purchased with the wife's money, and, without her knowledge or consent, the deed is made in the husband's name, a resulting trust arises in her favor, which will be enforced by a court of equity. (p. 311).

2. Wife's Estopple—*When?*—*Creditor's Right.*
   The wife will not be estopped from setting up such trust by permitting the legal title to remain in her husband's name unless

it appear that credit was knowingly extended to the husband on the faith of his apparent ownership.   (p. 311).

Appeal from Circuit Court, Logan County.

Bill by the Standard Mercantile Company against D. P. Ellis and others.   Decree for defendants, and plaintiff appeals.

*Affirmed.*

J. B. WILKINSON, for appellant.

H. K. SHUMATE, for appellees.

DENT, JUDGE:

The Standard Mercantile Company instituted suit in the circuit court of Logan County against D. P. Ellis and others for the purpose of enforcing two certain judgment liens it claimed against a certain house and lot, the title of which appeared to be in said Ellis.   Other judgment creditors were made parties to the suit.   Sarah V. Ellis filed her petition, therein claiming the property was her separate property, purchased with her separate funds, and by mere inadvertance without her knowledge or consent, the title thereto had been vested in her husband, and prayed the same might be discharged from the judgment liens. The court permitted the petition to be filed, and to stand for her answer, to which the plaintiff replied generally.   On final hearing the court decreed the land to Mrs. Ellis, free from the judgment liens.

The plaintiff appeals.   It objects to the petition, because process was not issued thereon against the other defendants.   Of this it has no right to complain, because not injured thereby. The other defendants made no objection in the circuit court, and are not making any here.   The appellant will only be heard as to such errors as prejudices its rights and not those which only prejudice the rights of others, whether parties to the suit or not. *Furbee* v. *Shay,* 46 W. Va. 736.   So the only question presented is as to whether the property is liable for plaintiff's judgment liens.   The proof appears to plainly establish that the property was paid for with the wife's money, and was to be deeded to her, but that the title bond, without her knowledge or consent and apparently without his knowledge was taken in his name. When she discovered this she sent the title bond by her son to have a

deed for the property made to herself.   In the meantime the
obligor having died suit had to be brought against his heirs to
obtain the title for the property.   This suit was brought in the
name of the husband, and a commissioner was appointed to make
a deed, who followed the title bond and the decree without the
wife's knowledge or consent.   When her husband found it out
and made inquiry concerning it, he was informed by the com-
missioner who was her lawyer, that he had to follow the title
bond.   This appears to have been the same lawyer who is now
representing the plaintiff in this suit.   His evidence is not taken
to contradict Mr. or Mrs. Ellis' statements with regard to the
matter, and therefore so far as his knowledge goes they must
be taken to be true.   There is no fraud alleged or shown in evi-
dence, and the whole matter is narrowed to the single question
as to whether the judgment liens present a superior equity to
that of the wife.   Undoubtedly she has a resulting trust in the
property which is superior to the judgment liens, unless she has
been guilty of such *laches* or negligence as estops her from set-
ting it up against such liens.   The property was purchased for
her in October, 1890.   Before a deed was obtained therefor the
vendor died.   In 1893 a suit was instituted to obtain the deed
from the vendor's heirs and on the 4th day of September, 1893,
a decree was entered directing a deed to be made.   Plaintiff insti-
tuted its suit in 1895 to enforce its judgment liens.   There is
no evidence showing that D. P. Ellis ever held himself out to be
the owner of the property, or that the indebtedness on which the
judgments are founded was contracted or credit given on the
strength of such ownership.   While the wife shows that as soon
as she found out the condition of the title she endeavored to
get it transferred to herself.   "It is well settled that a married
woman will not be estopped from claiming title to real estate as
against the creditors of her husband and where it does not ap-
pear that the credit was extended to the husband upon the faith
of the apparent ownership." 15 Am. & En. En. Law, (2d Ed.)
804; *DeVore* v. *Jones*, 82 Iowa 66; *Scrutchfield* v. *Santer*, 119
Mo. 615; *Hamilton* v. *Steele*, 22 W. Va. 348; *Churchill* v.
*Morse*, 23 Ia. 220.   Judgment liens will be limited to the actual
interest of the judgment debtor in the property.   *Farmers
Transportation Co.* v. *Swaney*, decided at this term; *Snyder* v.
*Bodkin*, 37 W. Va. 355; *Renick* v. *Luddington*, 20 W. Va. 569;
*Pack* v. *Hansbarger*, 17 W. Va. 313; *Snyder* v. *Martin*, 17 W.

Va. 276. The plaintiff appears to rely merely on an estoppel against Mrs. Ellis setting up claim to the property as against the creditors, yet it nowhere appears by allegation or proof that credit was extended to the husband on the faith of his apparent ownership. While the decisions touching a wife's rights are at variance, some jurisdictions holding there must be bad faith or fraud on her part to create an estoppel, *Deberry* v. *Wheeler,* 128 Mo. 84; *Kemp* v. *Folson,* 14 Wash. 16, and others that actual bad faith or fraudlent intent are unnecessary, *Hopkins* v. *Joyce,* 78 Wis. 443; *Pierce* v. *Hower,* 142 Ind. 626, yet all agree that it must appear that credit was extended to the husband on the faith of his apparent ownership. Plaintiff's case is entirely defective in this respect. The decree is affirmed.

*Affirmed.*