# CHARLESTON

## LOGAN *v.* BALLARD *et al.*

### Submitted January 22, 1905.    Decided March 5, 1907.

1. JUDGMENT—*Lien—Property Prima Facie Liable.*

   Where land is conveyed to one who afterwards conveys the same to his wife, her deed not being recorded, and subsequently a judgment is obtained against the husband and docketed on the judgment lien docket, the land is *prima facie* liable to the judgment, and if the wife claims the property as her sole and separate estate, it is incumbent upon her to allege and prove such facts as will create a resulting trust in her favor. (p. 475.)

Appeal from Circuit Court, Monroe County.

Bill by J. D. Logan against M. C. Ballard and wife. Decree for plaintiff. Defendants appeal.

*Affirmed.*

J. H. Crosier, for appellants.
John Osborne, for appellee.

Sanders, President:

The plaintiff, J. D. Logan, being a judgment creditor of the defendant, M. C. Ballard, filed a bill in equity in the circuit court of Monroe county for the purpose of enforcing the same against real estate alleged to be owned by M. C. Ballard, it having been conveyed to him by J. A. Meadows, special commissioner, and J. M. England and Maggie England, but the deed therefor not having been recorded. The cause was referred to a commissioner, with instructions to ascertain and report what real estate, if any, was owned by the judgment debtor, and to ascertain and report the liens thereon, their character and priorities. The commissioner reported that the land described in the plaintiff's bill was conveyed to the defendant, M. C. Ballard, · as in ·said bill alleged, and also reported the judgment of. the plaintiff, set up in his bill, to be a lien thereon. Upon the coming in of this report, the defendant endorsed exceptions thereon and filed an answer, disclaiming the ownership of said land, and claiming that Kate A. Ballard, his wife, some twenty years ago, bought and paid for, out of her own separate estate, certain land in Monroe county, took a deed therefor in her own name, and continued to hold title thereto until some time in the year 1903, when she sold the same, and immediately reinvested the proceeds of said sale in the land in controversy, thereby becoming the owner thereof by deed bearing date on the 13th day of January, 1904, and exhibited copies of the deed. Some time thereafter Kate A. Ballard, the wife of the defendant, filed a petition, asking to be made a party defendant, and alleging practically the same facts as are set up in the answer of her husband. Thereupon the plaintiff filed an amended bill, making the wife a party to the suit, and alleging that the deed to Kate A. Ballard, of date the 13th day of January, 1904, conveying the lands referred to in the original bill, was made to her by her husband, M. C. Ballard, and that the same was fraudulent and ·wholly without consideration, and was made with the purpose and intent to hinder, delay and defraud the plaintiff in the collection of his debt, and that it does delay and de-

fraud the plaintiff in the collection of his judgment, and that the wife knew of and was a party to the fraud. Both of the defendants demurred to the original and amended bills, and the defendant, Kate A. Ballard, answered the original and amended bills, in which she denied the allegations of fraud and want of consideration, and alleged that the property was bought and paid for out of her own separate estate, and practically reiterated the allegations of her petition.

Neither of the deeds to the defendant, Kate A. Ballard, were ever recorded. The judgment of the plaintiff was rendered on the 15th day of March, 1904, and properly recorded upon the judgment lien docket, thereby becoming a lien upon the property of the defendant M. C. Ballard.

The first question presented for our consideration is the demurrer. No grounds are assigned in support of the demurrer to the original bill, and it appears to have been properly overruled, as .it contains all the essential allegations for a judgment creditor's bill. Several reasons are assigned in support of the demurrer as to the amended bill, but as to whether or not such amended bill is sufficient, we deem it entirely unnecessary to determine, because to treat it as superfluous and out of the case, still upon the record the plaintiff would be entitled to subject the land in controversy to the payment of his judgment. The evidence taken before the commissioner shows that the land was conveyed to M. C. Ballard, after which the judgment of the plaintiff was obtained, and upon this showing the property would be liable to be subjected to the payment of his judgment, it not being necessary to set aside the conveyance from M. C. Ballard to his wife, because, as we have observed, it was not recorded, and it was therefore void as to the judgment. Section 5, chapter 74, Code 1899, section 3103 Ann. Code 1906. *Abney et al.* *v.* *Ohio Lumber and Mining Co.*, 45 W. Va. 446; *Poling* v. *Flanagan*, 41 W. Va. 191; *Guggenheimer* v. *Lockridge*, 39 W. Va. 457; *Damron* v. *Smith*, 37 W. Va. 580; *Bank* v. *Neal*, 28 W. Va. 744. This being so, and the wife desiring to exempt this property from the payment of the lien, upon the ground that it is her sole and separate estate, it is not only incumbent upon her to allege that it was paid for out of her own separate estate, but also to allege such facts as

would be necessary to create a resulting trust in her favor, and when so alleged, the burden would be upon her to establish such allegations by proof. *Johnson* v. *Ludwick et al.*, 58 W. Va. 464; *Deck* v. *Tabler*, 41 W. Va. 332; *Standard Mercantile Co.* v. *Ellis et al.*, 48 W. Va. 309. Where a wife acquires land, the presumption in a suit by a creditor to charge it with her husband's debts is that the means of payment came from the husband. *Harr* v. *Shafer*, 52 W. Va. 207; *Walker's Admx.* v. *Peck*, 39 W. Va. 325. She offers no proof. There is no evidence in the cause to establish the allegations of her answer, granting it to be sufficient upon which to predicate the evidence. This being so, the decree of the circuit court is plainly right, and is therefore affirmed.

*Affirmed.*