# CHARLESTON.

Triumph Electric Co. *v.* Empire Furniture Co.

Submitted January 17, 1911.   Decided December 19, 1911.

1.  CHATTEL MORTGAGES—*Property Subject—Recording Acts.*
    A deed of trust upon personal property, to be acquired by the grantor after the delivery of the trust deed, does not pass the legal title to the property, but creates an equitable lien in favor of the creditor, and is protected, by section 3 of chapter 74 of the Code, against an unrecorded reservation of title to such after-acquired property in favor of the vendor in the sale to the grantor in the deed of trust.   (p. 166).

2.  SAME—*Property Subject—After Acquired Property.*
    Such a deed of trust is a contract to give a lien on the property when acquired, which a court of equity will enforce.   (p. 167).

3.  JUDICIAL SALES—*Title and Rights of Purchaser.*
    A sale of such property under a decree in an equity suit, to which the vendor is not a party, to have the deed of trust declared fraudulent or preferential in violation of the statute against preferences, passes to the purchaser the superior right of the trust deed creditors.   ' (p. 168).

4.  CHATTEL MORTGAGES—*Priority of Lien—Conditional Sales—Recording Acts—"Purchaser."*
    Such a creditor is regarded in equity as a purchaser within the meaning of the recording statutes and the decree of sale, treating the equitable lien as having been perfected in equity by specific execution of the contract to give a lien, evidenced by the deed of trust, passes the legal title to the property.   (p. 168).

Error to Circuit Court, Cabell County.

Action by the Triumph Electric Company against the Empire Furniture Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and Rendered.*

*Williams, Scott & Lovett,* for plaintiff in error.

*Campbell, Brown & Davis,* for defendant in error.

POFFENBARGER, JUDGE:

This case presents a question of title to personal property, the plaintiff claiming under a reservation thereof in a contract of sale, and the defendant under a purchase at a judicial sale, founded upon the theory of a lien upon the property by a deed of trust, subsequent in date to the contract reserving title. To a judgment in favor of the plaintiff, the defendant has obtained a writ of error.

From an agreed statement, made part of the record, the following material facts are obtained: On the 16th day of October, 1907, the Probst Furniture Company executed a deed of trust to E. E. Williams and H. T. Lovett, trustees, to secure the payment of certain negotiable promissory notes in favor of Geo. N. Biggs and others. It conveyed all the property then owned by the company and such property as it should thereafter acquire and install or place in, upon or about the real estate, buildings, structures and appliances of the grantor, and was recorded on the day of execution thereof. On the 14th day of October, the grantor in that deed of trust purchased from the Triumph Electrical Company, another corporation, an electric belted generator and a belted vertical engine for the sum of $498.00, of which $98.00 was paid in cash. Three notes were executed for the balance, payable in thirty, sixty and ninety days, and, as stated, there was a reservation of title to the property, by a written contract of sale, until payment of the notes. This contract gave the vendor the right, in the case of default in payment thereof at maturity, to re-possess itself of the property and take possession of it wherever found. About one month after the purchase of this property, delivery thereof was made, and it was installed in the plant of the purchaser. The contract reserving title was not recorded until the 15th day of April, 1908, about five months after delivery of the property. In April, 1908, a suit was instituted against the Probst Furniture Company to have the deed of trust in favor of Biggs and others declared fraudulent and preferential and incidentally to have a receiver appointed, and, on April 27, 1908, Rufus Switzer and Paul W. Scott were appointed special receivers and took charge of the property. On the 18th day of July, 1908, an order was entered in that suit for the sale of all of the property of the Probst.

Furniture Company and such sale was made on the 7th day of October, 1908, C. R. Comer, trustee, becoming the purchaser. Comer was personally notified, at the time of the sale, of the plaintiff's claim of title and its intention to demand the possession of the property. Later he conveyed the machines here in controversy to the Empire Furniture Company, the defendant, in whose possession they were at the date of the institution of this action. It is admitted that the balance of $400.00 due on the purchase money has not been paid, and also that the notes secured by the deed of trust were assigned to Comer, trustee, and by him to the Empire Furniture Company, prior to the institution of this action.

Had the Probst Furniture Company been the owner of the machines at the date of the execution of the deed of trust, superior title in the defendant would be clear, since it is a purchaser under a decree, ordering a sale of the property to satisfy liens. But it is rightly contended that the instrument created no legal lien upon the machines, since the grantor therein did not then own the property. It can be regarded as having done no more than create an agreement to give a lien upon that property to secure a debt. Such an agreement constitutes an equitable lien, but not a legal one. Upon these settled proposition, the defendant in error relies in support of its claim that the purchaser under the deed of trust obtained no right that a court of law can recognize or respect.

That a mortgage or deed of trust upon personal property to be obtained by the grantor after the execution thereof passes no legal title is well settled. *Horner-Gaylord Co.* v. *Fawcett,* 50 W. Va. 487; Jones Chat. Mort., sec. 138; 5 A. & E. Enc. L. 979. That it gives an equitable lien is equally well settled. *Horner-Gaylord Co.* v. *Fawcetl,* cited; Jones Chat. Mort., sec. 170; 5 A. & E. Enc. L. 982. This principle agrees with the interpretation and effect of imperfect mortgages and deeds of trust upon real estate. A defective deed of trust on land is good as against creditors and subsequent purchasers, *Atkinson* v. *Miller,* 34 W. Va. 115, since it is justly regarded as a recordable contract to give a lien and equity treats that as done which ought to have been done. Assuming these two machines to have remained personal property, agreeably to the contention of the

defendant in error, and the deed of trust, in so far as it relates to them, to be unrecordable, the result must be the same by force of section 3 of chapter 74 of the Code, making the buyer of personal property in possession thereof the owner for the protection of the rights of his creditors and subsequent purchasers from him without notice. As to them, the unrecorded reservation is nullified by the statute, and, though the deed of trust did not pass legal title to the trustee nor make the *cestui que trust* legally a creditor or purchaser, the latter nevertheless acquired an equitable interest therein. Treated as a contract to give a lien, the instrument conferred a right in equity to charge the property with the debt, which the statute protected against the unrecorded reservation of title, just as the recordation of the defective deed on real estate saved the benefit of the contract in *Atkinson v. Miller.* The two species of property differ. To ascertain who is the owner of real estate we must ordinarily go to the record, but to ascertain the ownership of personal property we look to the possession, unless there is a recorded reservation of title. When these machines came into the possession of the buyer, they at once became subject, in the view of a court of equity, to the operation of the deed of trust, and such court necessarily had the power to protect and vindicate the equitable right. The situation, relation and effect were analogous to those in *Huffard v. Akers,* 52 W. Va. 21, in which an unrecorded reservation of title was postponed to the statutory lien for rent. Differing only in respect to the character of the lien, one being legal and the other equitable, the result must be the same, else a court of equity is powerless to enforce a right it recognizes. Besides a mere equitable mortgage prevailed over the creditors in *Atkinson v. Miller,* cited.

This conclusion harmonizes with the great weight of authority in this country, as will be seen by reference to Jones Chat. Mort., sec. 173. Judge Story first elucidated and applied the principle in *Mitchell v. Winslow,* 2 Story 630, and it has since been adopted in most of the states. In Massachusetts, a contrary rule was applied in *Moody v. Wright,* 54 Mass. 17, but now mortgages of personal property to be acquired in the future are, in that state, upheld against creditors of the mortgagor. *Bennett v. Bailey,* 150 Mass. 257; *Wasserman v. McDonnell,* 190 Mass.

326.  In England, Lord Campbell held the right of an execution creditor superior to that of the mortgagee or after-acquired personal property, in *Holyroyd* v. *Marshall,* 2 DeG. F. &. J. 596; but, in this, he was reversed by the House of Lords, 10 H. L. Cas. 191 (1862).     In that case the doctrine was limited to property in respect to which courts of equity will specifically enforce contracts, but the American cases do not seem so to limit the application of the principle, and we perceive no basis for such a limitation, since there is no legal remedy by which the right can be enforced.  The contract gives a mere equitable lien, enforcible only in a court of equity. It gives right to charge certain property with a debt, and that confers equity jurisdiction founded upon lack or inadequacy of legal remedies.

The argument for defendant in error denies to the person for whose benefit the trust deed was made the status of purchaser or creditor, and the authorities here cited show this position to be true in a legal sense; but equity nevertheless accords him a right and protects it.  That right is described as an equitable lien and remains so until it has been enforced, but it arises out of a legal agreement to give a lien.  Since equity regards that as done which the party executing the contract was bound to do or ought to have done, the beneficiary is no doubt considered a purchaser.  The decree treats him as having the status of a creditor secured by a valid deed of trust, who is a purchaser within the meaning of the registry statutes.  His right is of the same nature as that of an equitable mortgagee of real estate who is regarded as a purchaser.

If the two machines, by annexation to the real estate, became part thereof, the right of the plaintiff in error is much clearer, for equity jurisdiction specifically to enforce contracts for rights in real estate is undoubted; but, as we think equity had jurisdiction to charge them as personal property, we deem it unnecessary to say whether they became real property.

The purchaser at the judicial sale obtained this superior right of the creditor in the deed of trust.  Hence he was not bound nor affected by either actual or constructive notice.  The defendant in error waived or lost what would have been a superior right by its failure to record the contract.  As it was not a party to the suit in equity, nor under any duty to go into that suit

for adjudication of its claim, the question of title here depends not upon the adjudication therein, as one against the defendant in error, except in so far as the decree became the basis of the transfer to the purchaser of a superior contractual right. Nor is the date of the institution of the equity suit, or the stage of the proceedings at which the sale was ordered therein, or the conditions, under which it was ordered, material. If the property was sold to satisfy the equitable lien created by the deed of trust, the decree passed to the purchaser the superior right of the creditor, as perfected by the decree. If the bill to impeach the deed of trust for fraud was sustained, it avoided that instrument in favor of such parties only as attacked it upon the ground of fraud, and the plaintiff here was not one of them. If the deed of trust was adjudged to have created a preference in violation of the statute, that adjudication treated it as having been executed for the benefit of all the creditors. It was not in any event declared wholly void so as to let in the reservation of title relied upon here.

For these reasons, the judgment complained of will be reversed and judgment rendered here for the defendant with costs in the court below, as in a case upon a demurrer to evidence.

*Reversed and Rendered.*