R. C. BENSON *et al. v.* WOOD MOTOR PARTS CORPORATION *et al.*

(No. 7806)

Submitted May 8, 1934.  Decided June 5, 1934.

*Jarrett & Wilson* and *Harry W. Scarborough,* for appellant.

*Price & McWhorter,* for appellees R. C. Benson and others.

KENNA, JUDGE:

The question presented by this appeal is whether a provision contained in a deed dated November 18, 1927, from the Huntley Lumber Company to Wood Motor Parts Corporation which granted a lien upon after-acquired property of Wood Motor Parts Corporation to secure certain debts due the Huntley Lumber Company is valid. The commissioner to whom the cause was referred held the lien valid as to certain after-acquired property of the Wood Motor Parts Corporation, but the trial chancellor, in entering the decree of sale, without exception to the commissioner's report, held the provision in question did not create a lien upon after-acquired property, and the Huntley Lumber Company prosecutes this appeal.

The appellees are the holders of certain labor liens upon the property of Wood Motor Parts Corporation, the validity and regularity of which is admitted.

The clause in question is as follows:

"(9)    The party of the first part hereby expressly reserves a vendor's lien on all the property, real, personal and mixed, hereby conveyed to secure the payment of the purchase money and stumpage price hereinbefore agreed to be paid and to secure the performance of this agreement in its entirety. And the party of the second part further grants hereby to the party of the first part a lien on all additional equipment of any and every kind which it may put upon the property herein mentioned and all improvements, whether of a permanent or temporary nature, which it may put upon said property or use and supply in connection with the machinery and railroad and logging equip-

ment referred to herein and on all leases or extensions of leases, all of which additional buildings and equipment improvements and leases of all kinds and manufactured lumber shall be and become security to the party of the first part for the full and faithful performance of the agreements hereby undertaken by the party of the second part."

It would seem that the main questions raised have been decided by this court in the case of *Triumph Electric Co.* v. *Empire Furniture Co.*, 70 W. Va. 164, 73 S. E. 325. In that case, a deed of trust had been given by Probst Furniture Company upon all of its property and upon such property as it should thereafter acquire and install or place in, upon or about the real estate, buildings, structures, etc., of the grantor. The Triumph Electric Company sold it certain property and reserved title, not recording the reservation of title until some months later than the date of the sale. This court held the deed of trust created a valid equitable lien upon the after-acquired property, decided that the trust deed creditor was entitled to the status of a purchaser, and held that his rights under the trust deed were protected by section 3 of chapter 74 of the Code then in effect. It is very strongly and ably urged in this case that the instrument in question, which was executed by both the grantor and grantee in the deed, is not a recordable paper, that consequently its recordation would be no notice and therefore that the laborers' liens should be held paramount inasmuch as they were perfected without notice of the pre-existing lien, even though the after-acquired property clause be valid as between the parties thereto. It does not seem to us, however, that we can adopt these propositions. Creditors, ordinarily, stand in the shoes of their debtor, and their rights can mount no higher than can his. *Eagle* v. *McKown*, 105 W. Va. 270, 142 S. E. 65; *Westinghouse Lamp Co.* v. *Ingram*, 79 W. Va. 220, 90 S. E. 837. Certain exceptions to this rule are made by the recording acts, which prescribe certain things that are void as to creditors unless recorded under the terms of the statute. It stands to reason that those

things prescribed in the recording acts to be void as to creditors unless recorded, are, by necessary implication, made recordable papers. Therefore, if the paper before us in this case was required by the recording acts to be recorded to be valid against creditors, then it is a recordable paper. If so, then it was recorded. On the other hand, if it was not required by the recording acts to be recorded in order to have validity as to creditors, then the paper need not be recorded. Since, however, we believe that this paper comes within the category of recordable papers under the decision in *Triumph Electric Co.* v. *Empire Furniture Co.*, 70 W. Va. 164, 73 S. E. 325, as creating an equitable lien, we wish to base the decision of this case on that holding. We believe that the recordability of the paper before us, however, is to be based on section 5 of chapter 74, Code of 1923.

The question is raised as to this paper not having been recorded in the proper manner, since it was spread upon the deed book and not placed in either the trust deed or chattel mortgage books. The record does not disclose how it was indexed. As far as the rights of the purchaser are concerned, or those of the persons to be protected by the recording of a paper, under our decisions, the paper is recorded as soon as it is properly lodged in the clerk's office, without regard to the books in which it may actually be spread. *Wethered* v. *Conrad*, 73 W. Va. 551, 80 S. E. 953. The indexing of an instrument, unless expressly made so by the statute, is no part of the recordation. *Caldwell* v. *Prindle*, 19 W. Va. 604. This has always been the law of West Virginia, and however unsatisfactory it may be to persons intended to be protected by our recording system, and however desirable it might be to require recording in proper books, and to prescribe appropriate indexing, those matters, we must hold, are for the legislature and not to be regulated by the courts.

It is urged that on the grounds of public policy, we ought to hold the labor liens paramount. We think it would be a very unsafe rule to say that a lien should be preferred by the courts on the grounds of public policy.

Vested rights might then be decided by what the courts, from time to time, changeably believed to be public policy. There are, of course, instances where the court's own conduct is determined by a well established public policy. This is based on sound reason. We know of no instance, however, in which the question of public policy has been adopted by the courts as a reason for preferring one lien over another. We cannot adopt this view.

In view of the foregoing, the decree of the circuit court of Greenbrier County is reversed to the extent that it held the after-acquired property lien provision of the deed from the lumber company to the Wood Motor Parts Corporation invalid, and the cause is remanded with directions that a decree be entered in the circuit court of Greenbrier County holding that clause to be a valid lien upon all after-acquired property taken upon the premises described in the deed referred to, and as such to have priority over the laborers' liens in question, and for such other proceedings as may be necessary hereunder. We do not discuss the question of fixtures because in the light of our disposition of the main question here presented, our conclusion is that it is immaterial whether the property moved upon the premises was attached to the freehold in such a way as to constitute it fixtures or not. In one case, the lien of the lumber company would attach in the form of a vendor's lien. In the other, it would attach in the form of an equitable chattel mortgage. In either case, the result would be the same.

*Reversed and remanded.*