BENJAMIN F. BUSH v. JAMES H. MEACHAM.

*Service of summons—Proof of assignment.*

1. A party to a suit cannot serve the summons therein himself.

2. A bill of sale of an account if made, signed and witnessed in another state, is not competent proof of its assignment to a party suing it.

3. New trial is not granted on reversal if the lower court has no juris-diction.

Error to Wayne. (Chambers, J.) April 24.—April 30.

ASSUMPSIT. Defendant brings error. Reversed.

*Atkinson & Atkinson* for appellant.

*Fraser & Gates* for appellee.

SHERWOOD, J. The plaintiff took out a summons in assumpsit before a justice of the peace in the city of Detroit, and served the same himself upon the defendant and made return thereof, accompanying the same by his own affidavit of service, claiming his right to make such service under the statute (How. Stat. § 6827), which says it "may be served by any competent person." There were no pleadings in the case on the part of defendant, and plaintiff proceeded ex parte to judgment before the justice.

The defendant appealed to the circuit, where the cause was tried without pleadings on the part of the defendant. Upon the trial the plaintiff relied upon an account against the defendant, which he claimed had been transferred to him by one Horace Williams, for recovery, and the only proof made thereof before the magistrate was an affidavit made by Williams in the state of New York that the defendant owed the plaintiff the amount claimed on the account; also a bill of sale of the account, made and signed by said Williams, and witnessed by one James C. Hoyt, in the state of New York, both of which were received in evidence without further proof. The same evidence was offered on the trial on the appeal, and admitted.

Objections were made by the defendant at the circuit to the jurisdiction of the court, and to the sufficiency of the proof of the assignment of the account to the plaintiff. Both of the objections were well taken. The plaintiff could not serve a summons in his own favor; and there was no competent proof of the assignment of the account to plaintiff. *Parmalee v. Loomis* 24 Mich. 242; *Morton v. Crane* 39 Mich. 526.

The judgment must be reversed; and the court having no jurisdiction in the case, a new trial will not be granted.

The other Justices concurred.