# CHARLESTON.

## WETHERED v. CONRAD *et al.*

Submitted January 13, 1914.   Decided January 27, 1914.

1. DOWER—*Husband and Wife—Conveyance by Wife—Effect.*
   A wife by joining her husband in a deed conveying land, duly acknowledged by her, thereby not only releases her contingent right of dower, but passes to the grantee all right and title which she then had to any part of the land granted.   (p. 554).

2. DEEDS—*Construction—Exceptions—Husband and Wife.*
   A deed by a husband and wife granting several tracts of land, describing them by reference to the recorded deeds by which the

husband acquired title, and containing an exception of "so much of said several tracts * * * * as has heretofore been granted and conveyed away," will not be construed as excepting the whole of any tract which the husband had conveyed to a trustee for his wife, but which was unknown to the grantee. (p. 555).

3. SAME—*Record—Destruction of Record.*
   A grantee who deposits his deed with the clerk of the county court for recordation is thereby protected under the recording act. Even though the record may be thereafter destroyed, it does not cease to be notice to those intended to be thereby affected. (p. 556).

4. APPEAL AND ERROR—*Finding of Chancellor—Conflicting Evidence.*
   This court will not reverse the finding of the chancellor below on a doubtful question of fact. (p. 558).

Appeal from Circuit Court, Webster County.

Suit by P. B. Wethered against B. C. Conrad and others. Decree for plaintiff, and certain defendants appeal.

*Affirmed.*

*Haymond & Fox,* for appellants.

*W. S. Wysong* and *W. G. Bennett,* for appellee.

WILLIAMS, JUDGE:

By deed dated the 28th day of May, 1907, B. C. Conrad and M. J. Conrad his wife conveyed to P. B. Wethered a number of tracts of land, reciting a cash consideration of $6,000. The deed on its face appears to be an absolute conveyance in fee, but is admittedly a mortgage. On the same date there was executed between said Conrad and Wethered a separate writing, agreeing that the deed was intended as a mortgage, and that it was given to secure the payment of $2,145.13 that day loaned by Wethered to Conrad, and to secure any additional loans or advancements that might thereafter be made. Wethered thereafter endorsed notes for Conrad, which he had to pay, and also paid some judgments against him, amounting in all, with interest, to over six thousand dollars. Wethered then brought this suit to foreclose the mortgage. Conrad answered the bill denying that he had title to the three following tracts, which were described in the conveyance, viz: 20 acres, 36¼ acres, and 8 acres and 18 poles, and averred that his wife M. J. Conrad was the owner in fee of those tracts by

73 W. Va.

virtue of a deed which he had made to Darius Conrad, trustee
for her, on the 9th of August, 1879. Plaintiff thereupon
amended his bill making said trustee and Mary J. Conrad
parties to the suit. Mrs. Conrad answered the amended bill,
averring her ownership of the said three tracts, and denied
that it was her purpose, in signing the deed from herself and
husband to Wethered, to convey said lots, and denied the
charges of fraud made against her in the amended bill. On
the 16th of February, 1910, the cause was argued by counsel
and submitted "for hearing for all purposes," as the order
states, and the court took time to consider. On the 2nd of
July, 1910, a decree was made upon pleadings and proof hold-
ing that the deed of May 28, 1907, was designed by both of the
grantors therein and by the grantee to be a mortgage securing
a sum, or sums, of money advanced or loaned to the said B.
C. Conrad and Mary J. Conrad, or to either of them alone,
and that the amount thus loaned or advanced constituted a
lien upon the real estate granted by said deed. The court
further held that the mortgage was unaffected by the claim of
title set up by Mary J. Conrad to the aforesaid three lots, and
that she "take nothing under the said purported deed from
B. C. Conrad to Darius Conrad, trustee, as against the said
P. B. Wethered, in so far as he shall hold under the deed to
him so herein decreed to be a mortgage." The decree, how-
ever, did not determine all the principles of the cause, even
as they affect Mary J. Conrad. Whether the land claimed by
her was subject to the liens of certain judgments, averred in
the bill to have been recovered by certain defendants therein
named against B. C. Conrad, was left undetermined, neither
was it determined for what amount the land was liable.
Therefore, the point made in brief of counsel that that decree
was appealable, and, not being appealed from in time by Mary
J. Conrad, the appeal as to her should be dismissed, is not well
taken. "The provision of the statute authorizing appeals to
this Court in chancery causes, wherein there is a decree
'adjudicating the principles of the cause,' authorizes such
appeal, only where the decree appealed from adjudicates all
the controversies between the parties raised by the pleadings
or otherwise in the cause." *Hill* v. *Als et als.*, 27 W. Va. 673.

By the same decree the cause was referred to a commissioner to ascertain the value of the lands conveyed by Conrad to Wethered; the amount of liens thereon, together with their dignities and priorities; and whether the lands would rent for enough in five years to discharge them. The commissioner completed and filed his report, and exceptions were taken to it, but the court, without passing upon them, recommitted the cause, on the 16th of February, 1911, with the same directions as were previously given. Upon the commissioner's second report, and exceptions taken thereto by Mary J. Conrad, the case was again heard on the 11th of November, 1911. The exceptions were overruled, and a final decree made, adjudicating the liens, and appointing a commissioner to sell the lands if the liens were not paid within thirty days. From that decree B. C. Conrad and his wife Mary J. Conrad have appealed.

Assuming, for the present, that Mrs. Conrad was, in fact, the owner of the three tracts in question, did the deed to Wethered operate as a conveyance of her title? Her counsel insist that the deed shows clearly that there was no intention to convey her land, but only the land owned by B. C. Conrad. The granting clause of the deed is as follows: ''The said B. C. Conrad, and Mary J. Conrad, his wife, do grant and convey unto the said P. B. Wethered, with covenants of general warranty, those certain lots, tracts or parcels of land situate, lying and being in the District of Fork Lick, in the County of Webster, State of West Virginia, on the waters of Black Fork of Elk River, adjacent to the town of Webster Springs, and more particularly bounded and described as follows.'' The several tracts are then taken up in order and described by giving the quantity of land in each, and by reference to the several deeds by which B. C. Conrad acquired title, and the deed book and page where recorded. The granting clause shows that Mary J. Conrad was as much a party grantor as her husband. The deed does not indicate that the purpose of her joining her husband in executing it was simply to release her contingent right of dower. It passed all the right and title which she then had to any of the land granted. That section 6, chapter 73, Code (1906), gives such effect to her deed is too plain, we think, to admit of question. It was

expressly decided, in *Rollins* v. *Menager,* 22 W. Va. 461, that
the deed of a married woman properly acknowledged and
recorded has the effect "to pass from her and her representa-
tives all right, title and interest of every nature, which at the
date of the deed of trust she may have in any real estate con-
veyed thereby, as effectually as if she were at the date of the
deed of trust an unmarried woman." And it has been since
held by this court, in *Morgan* v. *Snodgrass,* 49 W. Va. 387,
that recordation, even before the amendment of the statute
by chapter 23, Acts 1891, was not necessary to make the wife's
deed good between the parties to it, notwithstanding it was
thought by many good lawyers, prior to that decision, that
recordation was essential to complete the wife's deed. As
further evidence of an intention to grant all the tracts des-
cribed in the deed, whether owned by the husband or by the
wife, the deed contains this additional descriptive clause:
"To all of the aforesaid deeds above referred to made and
executed unto the said B. C. Conrad as aforesaid, dated and
recorded in said County Clerk's office of Webster County,
West Virginia, as aforesaid, reference is here specially made
for a more particular and complete description of the land
and premises hereby conveyed."

Appellants rely upon the following exception in the deed
to show that the lots claimed by Mrs. Conrad were not intend-
ed to be granted, and were excepted from its operation, viz.:
"But there is expressly excepted and reserved from this con-
veyance and from the operation thereof, so much of the said
several tracts, lots or parcels of land aforesaid as has hereto-
fore been granted and conveyed away by the said B. C. Conrad
as shown by deeds of record in said County Clerk's office, the
intent and purpose of this conveyance and deed being to grant
and convey unto the said P. B. Wethered that portion and
quantity of all the aforesaid several lots, tracts or parcels of
land now owned by the said B. C. Conrad." This exception,
however, is not of any entire tract, but only of such portion
thereof as may have been previously conveyed. The tracts
are not described by metes and bounds and reference to the
deeds whereby Conrad got title was made for such descrip-
tion; and, but for the exception, the description by reference

to those deeds would have been inaccurate, for it appears that B. C. Conrad had conveyed away a number of small lots of land out of some one or more of the tracts described in the deed. But none of them was taken from any one of the three tracts in question. It is, therefore, clear that the exception was intended to apply only to parts of tracts and not the whole of any tract. If it had been intended to except the whole of a tract, there would be no reason for mentioning it as part of the land conveyed.

Webster county courthouse burned in 1888, and a portion of the records therein contained, including Deed Book No. 5 in which, as contended by appellants, the trust deed made to Darius Conrad, trustee, for Mary J. Conrad, was recorded, was destroyed. But Wethered insists that the deed was never recorded. Inasmuch as we have already decided that the effect of Mary J. Conrad's deed is to pass to P. B. Wethered whatever title she had, for the purpose of securing the money loaned and to be loaned, as provided by the separate writing between B. C. Conrad and said Wethered, the fact of recordation would not be material, were it not for the additional fact that other creditors of B. C. Conrad are claiming liens upon the lots to which his wife is now asserting title. A decision of the question is necessary in order to determine their respective rights. The portion of the record destroyed included also the deeds by which title to the lots in question had been conveyed to B. C. Conrad. He procured these deeds to be re-recorded, pursuant to the provisions of chapter 73A of the Code, but he failed to have the aforesaid trust deed re-recorded, although he had the original in his possession. It seems to be well settled that, if a grantee has delivered his deed to the recorder at his office, he has done all the law requires of him and the subsequent mutilation, or destruction, of the record does not affect his right. This is certainly the rule in the absence of a statute making it his duty to have it re-recorded. Chapter 73A, providing for restoration of burnt and lost records, does not make it a duty. It makes it rather a privilege than a duty. The law on the subject is thus stated in 24 A. & E. E. L. (2nd ed.) 153: ''A grantee in an instrument evidencing a conveyance to him, who has complied with

the requirements of the law in effecting the record of the instrument, cannot lose the effect given to such recordation by a subsequent destruction of the record, as by fire or other cause, and, in the absence of any statutory requirement, he is not obliged to record the instrument a second time, or do any other act to notify purchasers, in order to protect his rights acquired thereunder.'' The text is fully supported by the following cases which it cites, and which we have examined: *Franklin Savings Bank* v. *Taylor,* 53 Fed. 854; *Paxson* v. *Brown,* 61 Fed. 874; *Ashburn* v. *Spivey,* 112 Ga. 474; *Hiatt* v. *Cochran,* 69 Ind. 436; *Thomas* v. *Hanson,* 59 Minn. 274; *Geer* v. *Missouri Lumber etc. Co.,* 134 Mo. 85, 56 Am. St. Rep. 489; *Armentrout* v. *Gibbons,* 30 Grat. 632.

''Where a mortgagee places his mortgage on record, his rights under it are fixed, and it is notice for all time, notwithstanding the destruction of the record, and the mortgage may be enforced against a subsequent purchaser from the mortgagor, although he had no actual knowledge of the mortgage.'' *Hall* v. *Shannon,* 85 Ill. 473.

To prove that the deed had been recorded, appellants produced the original deed. It bears date the 9th of August, 1879, and appears to have been duly acknowledged by the grantor on the same day. The certificate of acknowledgment is admittedly in the handwriting of B. P. Conrad who, as notary public, certified it. It also bears a certificate dated May 13, 1880, admitting the deed to record. This certificate is admittedly in the handwriting of the appellant B. C. Conrad who, at that time, was deputy for his half brother B. P. Conrad, then clerk of the county court of Webster county, and is signed, ''B. P. Conrad, Clerk. By B. C. Conrad his Deputy.'' Endorsed on the back of the deed is the following memoranda: ''Admitted for record May 13, 1880. Attest: B. P. Conrad Clerk.'' And just below it the following: ''Recorded in Deed Book 5 pp. 396-7.'' Even though the deed may not have been actually spread upon the record, yet if it was delivered to the clerk for recordation, it is regarded as having been recorded from the time of such delivery. See Secs. 4 and 5, Ch. 74, Code; also numerous cases cited in 11 Enc. Dig. Va. & W. Va. Cases 689.

The clerk's certificate admitting the deed to record would be sufficient evidence of recordation, in the absence of proof attacking its genuineness. *Davis* v. *Lewis,* 1 Va. Dec. 39; *Beverly* v. *Ellis,* 1 Rand. 106; *Fouse* v. *Gilfillan,* 45 W. Va. 213; and *Thomas* v. *Hanson,* 59 Minn. 274. There is evidence that the certificate and the memoranda on the back of the deed were all made by B. C. Conrad at a comparatively recent date. The certificate purports to have been made by him, but made in the year 1880 when he was deputy clerk, and, therefore, authorized to act for the clerk in recording deeds. The first memorandum purports to be signed by B. P. Conrad, the clerk, in person, but there is evidence denying that it is the clerk's signature. Three witnesses, who for many years had been familiar with the handwritings of both B. P. and B. C. Conrad and had seen them write, testified that both the certificate of recordation and the memoranda on the back of the deed were, in their opinion, in B. C. Conrad's handwriting, and were written at a comparatively recent time, and not at the time the certificate bears date. They gave their reasons for so believing, one of which was that his handwriting had materially changed since 1880. Two of those witnesses were lawyers of many years practice in their profession and the other a business man of large experience. All of them had frequent occasion to examine and compare different handwritings, and were qualified to testify as experts upon the question. The genuineness of the writing was a controverted fact, and both the commissioner and the chancellor having determined it upon conflicting evidence, we are not disposed to disturb their finding. The appellate court will not reverse the finding of the chancellor on a question of fact, depending upon conflicting evidence, unless such finding is clearly erroneous. It will not reverse if the question is simply a doubtful one. *Shock* v. *Gowing,* 71 W. Va. 250; *Bradshaw* v. *Farnsworth,* 65 W. Va. 28; and *Baker* v. *Jackson,* 65 W. Va. 282.

The commissioner found, and stated in his second report, that the deed to Darius Conrad, trustee, had never been admitted to record and was, therefore, not a recorded instrument, and that the judgments against B. C. Conrad were liens on all the lands conveyed to P. B. Wethered and so reported

them in the order of their priorities.  His report in this, as
well as in other respects, was confirmed, and the exceptions
taken thereto by Mary J. Conrad overruled by the decree
appealed from.

She also excepted to the report for the reason that sums of
money, other than the $2,145.13 loaned to Conrad on the date
of the deed, were decreed as liens in favor of P. B. Wethered,
The separate paper executed between Conrad and Wethered,
on the same day as the deed, must be read as a part of the
deed.   They are parts of one and the same transaction, the
two constituting a mortgage.  It expressly provides for the
securing of additional loans.   The amounts loaned to Conrad,
and paid for him, by Wethered, are not controverted.   B. C.
Conrad did not except to the commissioner's report on any
ground, and he is, therefore, concluded by his finding as to
questions of fact; and Mrs. Conrad, having never had the
deed to her trustee recorded, can not complain of liens that
had been acquired against her husband.  Mrs. Conrad for
some reason did not testify in the case.   While the trust deed
may be good as between the parties to it, it is void as to the
lien creditors of, and subsequent purchasers for value without
notice from B. C. Conrad, it not having been recorded.   Sec.
5, Ch. 74, Code.

The report was excepted to also for the alleged reason that
the evidence taken before the commissioner was not properly
certified by him to the court.   This exception is not urged in
brief of counsel and seems to have been abandoned.   Replying
to it nevertheless, we find, in the record, a certificate appended
to the commissioner's report, and signed by him, in which he
says, that he took all the proof and considered all the evidence
as mentioned and set forth in the beginning of his report,
"which testimony, proofs, evidence, papers, plats, etc., includ-
ing the testimony taken in the hearing of a former report,"
he certifies, are returned and filed as a part of his report.   In
the first part of his report he mentions the papers that were
filed with, and considered by, him, and also shows that deposi-
tions of witnesses were taken and considered by him.   Such
papers as are mentioned in the report, and the depositions of
witnesses appear in the record, and, in the absence of any

showing that they were not before the commissioner, must be considered as a part of the record, and as the evidence which was before the commissioner and the chancellor below.

The decree is affirmed.

*Affirmed.*