# CHARLESTON.

DICKERSON LUMBER COMPANY *v.* J. T. PAUL *et al.*

Submitted February 20, 1924.     Decided March 4, 1924.

1. MECHANIC'S LIEN—*Notice Held Sufficient.*

   A notice of a mechanic's lien which, in compliance with sec. 3, ch. 75, Barnes' Code, contains an itemized statement which sets forth all of the items with which the defendants are chargeable at the time of the notice, and sets forth the total amount that is claimed under the lien, is sufficient even though it fails to set forth, in detail, charges for certain items not claimed in the account and certain credits which were previously given on the open account. (p. 582).

2. SAME—*Essential Elements of Statutory Notice Stated.*

   In the notice of a mechanic's lien under sec. 3, ch. 75, Barnes' Code, a substantial compliance with the statute to such an extent that the face of the notice will point the way by which the true state of accounts between the parties can be accurately ascertained, is all that is required. (p. 582).

Appeal from Circuit Court, Cabell County.

Suit by the Dickerson Lumber Company against J. T. Paul and another. From a decree, for plaintiff, defendants appeal.

*Affirmed.*

*E. E. Young,* for appellant.
*Holt, Duncan & Holt,* for appellee.

McGINNIS, JUDGE:

This is a chancery suit instituted in the Circuit Court of Cabell County, to enforce the payment of a mechanic's lien against a certain lot of land and appurtenances thereon owned by the defendant J. T. Paul, which lot lies in Barboursville District of said County and which lien, it is alleged, is for material furnished the defendant E. Turner with whom the defendant Paul had a contract to build a two story dwelling house and barn on said lot. The notice required by sub division e, sec. 3, ch. 75 of Barnes Code, was duly served and

recorded which notice shows, that there is due on said material so furnished the said contractor and used in the construction of said house and barn, the sum of $1308.94. After the service of the notice, the defendant Paul paid $389.45 which with other admitted credits amounting to $52.00, reduced the claim of the plaintiff to $867.49, which sum with interest added to the date of the decree, amounted to the sum of $981.51; and the lower court held that said amount was a valid lien upon said property, and ordered that, unless said amount was paid within thirty days, the said property be sold to satisfy said lien and costs; and the defendant Paul brings the case here on appeal setting up certain errors, which he claims were committed by said court.

The questions arising here grows out of a dispute between the parties over the accounts between them. The defendant Paul claims that certain material set forth in the notice was not used in the construction of said house and barn, and that the total amount as shown by said notice is incorrect; that he paid the entire amount due plaintiff for material furnished by the plaintiff to said contractor for the construction of said buildings except $80.95, which amount he tendered in court and offered to pay.

A further question arises upon the application by the plaintiff of certain credits admittedly paid by the defendant to the plaintiff.

Upon the receipt of the notice showing the amount due upon said lien to be $1308.94, the defendants Turner and Paul added up the amounts of the several invoices itemized therein and by claiming certain credits on material furnished for said house paid before the notice of the mechanic's lien was served, ignoring the amount as stated in said notice, they arrived at the conclusion that there was due on said lien the sum of $389.45 and Paul mailed a check for that amount to the plaintiff.

It appears from the record that the only credit shown on the notice is one for $35.75 for material returned, and it further appears that one invoice amounting to $422.62 and part of another invoice amounting to $407.30, making a total of $829.92, were omitted from the notice and the plaintiff shows that this material went into the construction of the

building mentioned; plaintiff further claims that it applied a sufficient amount of a $1200.00 credit paid by the defendant Turner to discharge said amount of $829.95, and that the balance of said $1200.00 payment, amounting to $370.08, was in effect credited on the mechanic's lien in the statement of the balance due thereon; that the total amount of individual items set forth in the notice when correctly added amounts to $1714.76, less $370.08 (excess Turner payments over omitted items) less $35.74 for materials returned, credited on the face of the lien account, equals $1308.94 being the amount of the mechanic's lien when filed.

The plaintiff filed and proved a full and complete statement of the account, showing all the materials furnished for said buildings also showing the credits thereon and which statement shows the balance due to be $1308.94, which after deducting the amount paid since the notice was served and after deducting an admitted credit of $52.00 leaves a balance of $867.49, which with interest calculated from March 3, 1921, amounts to $981.51 for which amount the decree was rendered.

Now at the time the defendants Paul and Turner settled their accounts and Paul paid Turner in full for erecting these buildings, this mechanic's lien notice was before them and it showed that Turner owed the plaintiff, for material that went into the construction of the buildings mentioned, $1308.94. This notice, if not entirely satisfactory and specific, was amply sufficient to put the defendant Paul on inquiry and if such inquiry had been diligently pursued, the true state of accounts between Turner, the contractor, and the plaintiff could have been ascertained, and without additional expense, adjusted and paid.

> "All that is required is that enough should appear on the face of the statement to point a way to successful inquiry." *Steel Company* v. *Masonic Temple Association*, 81 W. Va. 222; *Blowpipe Company* v. *Supply Company*, 40 W. Va. 698.

The defendant Paul did not seek to adjust this account with the plaintiff but contented himself with adjusting it

with Turner, the contractor, and when he did that in the face of the notice served upon him he did it at his own risk, the plaintiff is not in any manner bound by such adjustment.

The defendants also claim that certain material, to-wit 3900 feet of Beaver Board, charged on one of the omitted invoices amounting to $234.00, and certain material charged in the notice amounting to $215.10 was not used in the construction of the buildings mentioned, and about these items there seems to be no serious controversy, upon this question the evidence is conflicting and, upon this conflicting testimony, the lower court passed and we see no reason why we should disturb the decree of the court:

> "A decree based on conflicting evidence, unless clearly erroneous, will not be disturbed by the appellate court." *Walton* v. *Pratt,* 116 S. E. 759; *Baughman* v. *Hoffman,* 90 W. Va. 399; 1 Michie Ency. Dig. 620.

For the reasons stated above we think there is no error in the decree of the Circuit Court in this matter and we, therefore, affirm said decree.

*Affirmed.*