## CHARLESTON.

GEORGIA LUMBER COMPANY *v.* HARRISON CONSTRUCTION
COMPANY *et al.*

(No. 5732)

Submitted October 20, 1926. Decided January 12, 1927.

1. MECHANICS' LIENS—*Where Controversy is Whether Lienors
   Have Properly Established Lien, Statute Should be Liber-
   ally Construed and Only Substantial Compliance Required;
   Notice to Owner, Stating Sum Due for Services as Sub-
   contractor, Held Sufficient Compliance With Statute to
   Establish Lien (Barnes' Code, c. 75, §3).*

   Where it appears that there is a clear right to a lien in
   favor of laborers or materialmen, under Chapter 75, Code,
   and the controversy is whether the lienors have properly pro-
   ceeded to establish their liens, a liberal construction of the
   statute should be applied; a substantial compliance therewith
   being all that is required. (p. 6).

   (Mechanics' Liens, 40 C. J. §§ 14, 179.)

2. SAME—*Same Exactness in Notice to Owner As in Case of
   Recorded Lien is Not Required. (Barnes' Code, c. 75,
   §§ 1-27.)*

   Courts do not insist upon the same exactness in the notice
   to the owner as required of the recorded lien. (p. 5).

   (Mechanics' Liens, 40 C. J. § 190.)

3. SAME—*Failure of Notary to Affix Seal to Jurat to Notice to
   Owner Which Was Cured by Amendment After Time for*

103 W. Va.

*Giving Notice Does Not Invalidate Lien (Barnes' Code, c. 75, §§ 1-27.)*

A lien under the statute should not be invalidated because a notary before whom the notice to the owner is sworn to in another State fails to affix his seal to the jurat, which is amended in that respect after the expiration of the time within which the notice was required to be given. (p. 5).

(Mechanics' Liens, 40 C. J. § 197 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

MILLER, JUDGE, absent.

Appeal from Circuit Court, Mercer County.

Suit by the Georgia Lumber Company and others against the Harrison Construction Company and others. From two decrees establishing mechanics' liens in favor of plaintiffs, John J. Swint, bishop of the diocese of West Virginia, appeals.

*Affirmed.*

*George Richardson, Jr.,* for appellant.

*French, Easley & Easley,* for appellee Roanoke Iron Works, Inc.

*James S. Kahle,* for appellees J. N. Farley, Frank Blackwell, and John Diebold & Sons Stone Co.

LITZ, JUDGE:

Defendant, the Right Reverend John J. Swint, bishop of the diocese of West Virginia, appeals from two decrees of the circuit court establishing liens, under Chapter 75, Code, in favor of J. N. Farley, Frank Blackwell, Georgia Lumber Company, Roanoke Iron Works, Inc., and John Diebold & Sons Stone Company, laborers and materialmen, upon certain real estate of appellant situated in the city of Bluefield, West Virginia, for labor performed and materials furnished by the appellees in the partial construction of a church edifice on said real estate by the Harrison Construction Company, as general contractor.

The appellant challenges the sufficiency of procedure employed by appellees to perfect the liens decreed in their favor.

The lien in favor of J. N. Farley is attacked because of alleged defective notice to the owner. This notice states in

effect that the sum of $279.49 is due Farley for services, as sub-contractor under the Harrison Construction Company, in the construction of stone work on said building, being eight per cent. of the wages then due the stone masons and their helpers for work performed between October 2d and December 11th, 1924. We are of opinion that the form of notice is sufficiently intelligible and informative to comply with the statute. "In the notice of a mechanic's lien under Section 3, Chapter 75, Barnes' Code, a substantial compliance with the statute to such an extent that the face of the notice will point the way by which the true state of accounts between the parties can be accurately ascertained, is all that is required." *Dickerson Lumber Co.* v. *Paul,* 95 W. Va. 581. "The same exactness is not insisted upon in the notice as in the lien itself, but the notice is sufficiently definite if it fairly apprises the owner of the services rendered and the charge made therefor, so as to enable him to make the proper investigation of the correctness of the demand." *Ott* v. *Duplan Silk Corp.,* 271 Pa. 322, 114 A. 630; 40 C. J. 168.

The lien in favor of Frank Blackwell for labor performed is questioned on the ground that the owner did not receive notice of the claim within sixty days from the abandonment of the work by the general contractor. It is claimed that the contractor did not do any work after December 12, 1924, and that the notice was not served until February 11, 1925. Although the contractor may not have performed any work after December 12, 1924, as contended by appellant, he remained in charge of the job for a considerable length of time thereafter, evidently hoping to resume operations. The appellant testified that a considerable time elapsed after December 12, 1924, before he could "get rid of Harrison and enter into a contract with some one else" for the completion of the building. The suspension of work during this period was due to failure of the contractor to pay the laborers. The last material furnished by Blackwell was delivered on the premises December 13, 1924, when, according to the evidence of appellant himself, there had been no abandonment of the work by the contractor, but merely a suspension of one day.

The lien in favor of John Diebold & Sons Stone Company,

materialmen, is complained of on the ground that notice was not served upon the owner within sixty days after the furnishing of materials to the contractor had ceased. The basis of this contention is that materials are "furnished" within the meaning of the statute when delivered f. o. b. the point of shipment. We cannot agree with this position. Most, if not all, of the cases cited by counsel in support of the proposition involved claims for material sold direct to the owner and not to a general or sub-contractor. The few cases holding that material is "furnished" in contemplation of the statute, upon delivery to the contractor, treat the contractor as the agent of the owner.

Under Section 8, Chapter 75, Code, the owner may limit his liability by recording the contract between himself and the general contractor and a bond executed by the latter for the protection of laborers and materialmen  Section 14 provides:

> "In the event any such owner shall fail to record such contract and bond, or should record such contract without bond, or in the event the penalty of said bond should not be equal to the contract price or in the event the said bond should be not solvent at the time when given, then the said contractor shall be deemed to be the agent of the said owner and the building or other structure and the improvements appurtenant thereto, together with the interest of the owner thereof in and to the lot of land whereon the same stands or to which it is removed, shall be held liable and subject to such perfected liens, for the full and true value of all work and labor done and of all materials, machinery and equipment furnished therefor, although the same may exceed in the aggregate the price stipulated in the contract between the owner and the contractor."

Assuming that the statute was not complied with (the record being silent), and that the contractor thereby became the appellant's agent, then under Section 3 John Diebold & Sons Stone Company were not required to give notice of their claim within sixty days, but only to record notice of their lien within ninety days, from the date they ceased to furnish the material.

Therefore, whether the contractor be treated as the agent of the owner or not, there is no merit in the point raised.

The lien in favor of the Roanoke Iron Works, Inc., for material, is objected to because the notice served upon the owner is sworn to before a notary in Virginia, who failed to affix his official seal, as required by Section 31, Chapter 130, Code. An amended notice bearing the notary's seal was tendered on behalf of the appellee at the hearing before the commissioner. The notice required to be given by the materialman to the owner, under sub-section (*e*), Section 3, Chapter 75, Code, "shall be sufficient if in form and effect" as therein set forth; to which form of notice is attached as part thereof the following form of jurat, to-wit:

> State of West Virginia,
> County of............................................
> ............................................, being first duly sworn, upon his oath, says that the statements in the foregoing notice of lien contained are true, as he verily believes.
>     Taken, subscribed, and sworn to before me this ............day of............................................, 19..........
>     My commission expires............................................
>     ............................................
>                          (Official capacity)

It is contended on behalf of the Roanoke Iron Works, Inc., that the jurat was in substantial compliance with the statute without the notary's seal, and further that if the seal of the notary was essential the notice is amendable in that respect, as proposed at the hearing before the commissioner. To meet these contentions the appellant relies upon the case of *Marble Co.* v. *Association,* 79 W. Va. 471, which contains a *dictum* to the effect that the jurat to the lien notice, required by the statute to be filed in the office of the clerk of the county court of the county wherein the structure is located, cannot, as a general rule, be amended after the time limit for the filing thereof has expired. Treating this *obiter* as sound law, it is not controlling in this case, where the technical sufficiency of the affidavit to the lien notice filed in the clerk's office is not questioned. Courts do not insist upon the same exactness with reference to the notice to the owner as is required of the

recorded lien notice. *Ott* v. *Duplan Silk Corp.*, cited; 40 C. J. 168.

In the case of *Bohn* v. *Ziegler*, 44 W. Va. 402, an amendment was permitted supplying the omission of the certificate by the clerk of a court of record verifying the genuineness of the signature of a notary to an affidavit of attachment made in another state, and his authority to administer an oath. In the opinion, by Judge BRANNON, it is said that the defect does not ''savor of the substance of the affidavit, being only an omission to append a clerk's certificate to verify the notary's official authority and the genuineness of his signature,—facts existing, but not proven as yet, but provable by the clerk's certificate offered as amendment''. Upon the subject of amendments in the interest of justice, the opinion further states: ''With every passing year the courts cease more and more to stand quaking and appalled on discovering errors and omissions of ignorance or inadvertence that do not touch the vitals of the controversy, and, taking up a courage which they did not know in times gone by, they allow amendments that operate to cure these slips, and bring the courts to a decision of the real merits''.

The notice admittedly served upon the owner bore upon its face ample evidence to the non-technical mind of having been sworn to, although the official capacity of the notary and the genuineness of his signature were not authenticated in compliance with Section 31 of Chapter 130, Code, which provides that an affidavit may be made before any officer of another state or country authorized by its laws to administer an oath, and shall be deemed duly authenticated if it be subscribed by such officer, with his official seal annexed, and if he have none, the genuineness of his signature, and his authority to administer an oath, shall be authenticated by some officer of the same State or country under his official seal. Where it appears from the case that there is a clear right to the lien under the statute and the controversy is whether the lienor has properly proceeded to establish his lien, a liberal construction should be applied. A substantial compliance with the statute is all that is necessary in this State. *Bailey Lumber Company* v. *General Construction Co.*, 101 W. Va. 567; *Doss* v. *Gulf Smokeless*

*Coal Co.,* decided last term. We are of opinion, and so hold, that the statute has been sufficiently complied with to perfect this lien.

The decrees of the circuit court are

*Affirmed.*