THE SCOTT LUMBER COMPANY *v.* WHEELING CEMETERY ASSOCIATION *et al.*

(CC 553)

Submitted May 14, 1936.   Decided June 2, 1936.

*S. M. Noyes,* for plaintiff.
*W. C. Grimes,* for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of an amended bill filed by a contractor for purpose of subjecting the tract of land known as Wheeling Memorial Park, or so

much thereof as may be necessary to satisfy an alleged mechanic's lien, the circuit court having sustained a demurrer to such pleading.

It appears that on May 13, 1930, the Wheeling Cemetery Association, owner of four contiguous tracts (22.31 acres), known as Wheeling Memorial Park, entered into a contract with the plaintiff, The Scott Lumber Company, whereby the latter, upon a specified basis of settlement, agreed to, and did furnish materials and labor, to the extent of $2,551.58, in cleaning up and grading said park property. Within ninety days after completion of the work, the plaintiff caused a purported notice of lien to be recorded, the body of which reads:

> "Notice is hereby given in accordance to the laws of the State of West Virginia, that the undersigned, The Scott Lumber Company, a corporation, claims a lien to secure the payment of the sum of Twenty-Five Hundred and Fifty-one Dollars and Fifty-eight Cents ($2551.58) with interest, for work and labor performed upon your interest in and to as of May 15, 1930, the following described property located in Ritchie District, Ohio county, West Virginia, more particularly described as follows: (here the four tracts composing the part were set out by metes and bounds)."

Inasmuch as the amended bill cannot stand without a valid and subsisting mechanic's lien, we are met at the outset with the question of whether the notice as recorded is sufficient on its face to show a lienable claim in favor of the contractor.

The statute (Code 1923, chapter 75, section 2 [a] ) provides: "Every person, firm or corporation, which shall erect, build, construct, alter, remove or repair any building or other structure, or other improvement appurtenant to any such building or other structure, under and by virtue of a contract with the owner or his authorized agent for such erection, building, construction, alteration, removal or repair, either for an agreed lump sum or upon any other basis of settlement and payment, under a contract with the owner or his authorized agent,

shall have a lien upon such building or other structure or improvement appurtenant thereto, and upon the interest of the owner thereof in the lot of land whereon the same stands, to secure the payment of said contract price or other compensation therefor."

Only those persons enumerated in the foregoing statute are accorded the privilege of the lien therein provided. And the filing for recordation of a notice of lien, within a certain time, is made an essential to its perfection and preservation. The statutory form of notice of lien (Code 1923, chapter 75, section 3) indicates that a description of the building or other structure or improvement appurtenant thereto, into which the materials and labor went, and for which the claim of lien is made, together with a description of the property upon which such improvements are located, are necessary. The lien is extended by statute to the owner's interest in the real estate because of the fact that the materials and labor going into the improvements therein enumerated (section 2) have added to its value. An improvement, within the meaning of the statute, is absolutely necessary to the creation of the lien, and, therefore, we are of opinion that the notice of lien filed for recordation must describe the same with sufficient definiteness that the same may be readily identified. No mention having been made of the nature of the improvements, we must hold that the notice of lien is insufficient, and, therefore, that the contractor's right to a lien was not properly perfected. *Georgia Lumber Co.* v. *Harrison Construction Co.*, 101 W. Va. 1, 136 S. E. 399; *Pfaff & Smith Builders' Supply Co.* v. *Mason*, 103 W. Va. 318, 137 S. E. 356.

In view of the failure of the plaintiff to perfect his lien, his amended bill must fall. The ruling of the trial court is therefore affirmed.

*Ruling affirmed.*