## WINDOLPH *v.* JOURE.

1. PROCESS—SERVICE—COMMON LAW.
   At common law an interested party could not serve a summons.

2. SAME—JUSTICES OF THE PEACE—SERVICE.
   A justice of the peace summons may be served by any competent disinterested person (3 Comp. Laws 1929, § 15999).

3. SAME—COURTS OF RECORD—DECLARATION WITH RULE TO PLEAD.
   In actions at law in courts of record, commenced by filing of declaration with notice of rule to plead indorsed thereon, the plaintiff may serve the declaration and notice upon defendant personally and the filing and service thereof is in the nature of process to bring the defendant into court.

4. SAME—SERVICE—STATUTES.
   It is competent for the legislature by statute to fix the qualifications for persons serving the summons by which suit is commenced.

5. SAME—COURTS OF RECORD—SERVICE—PROOF OF SERVICE.
   Civil process issued from any court of record, except process requiring the arrest of any person, or the seizure of property, may be served by any person of suitable age and discretion, with proof of service by others than court officers being made by affidavit of service (3 Comp. Laws 1929, § 14085).

---

* Continued from volume 322.

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am. Jur., Process, § 25.
[2] 31 Am. Jur., Justices of the Peace, § 70.
[3] 42 Am. Jur., Process, § 25.
[6] 50 Am. Jur., Statutes, § 230.
[7] 14 Am. Jur., Costs, § 99.

6. STATUTES—CONSTRUCTION.
    The courts may not read into a statute restrictions at variance
        with the plain language and clear meaning of the act.

7. COSTS—BRIEFS.
    No costs are allowed appellee upon affirmance of order denying
        defendants' motions to quash service of process, where appel-
        lee filed no brief.

Appeal from Macomb; Spier (James E.), J. Sub-
mitted October 7, 1948. (Docket No. 51, Calendar
No. 43,895.) Decided November 12, 1948.

Assumpsit by Ernest Windolph, doing business as
East Detroit Engineering Company, against Wallace
Joure, Max A. Joppich and William Reitz, jointly
and severally. Summons was served by plaintiff
personally upon defendant Joppich. Defendants'
motions to quash service denied. Defendants appeal.
Affirmed.

*Frank C. Glabach* and *Thomas G. Jones,* for de-
fendants Joure and Reitz.

*Edward B. Benscoe,* for defendant Joppich.

DETHMERS, J. Defendants appeal from an order
denying their motions to quash service and dismiss,
raising as the sole question: "Whether the personal
service of summons by a plaintiff on a defendant in
a circuit court action in assumpsit is valid?"

"It was admittedly the rule at common law that an
interested party could not serve a summons (8 Ba-
con's Abridgment, p. 690)." *Nevada Cornell Silver
Mines, Inc.,* v. *Hankins,* 51 Nev. 420 (279 Pac. 27).

In *Johnson* v. *Shurley,* 58 Ga. 417, the court an-
nounced that, "The law does not trust a party to exe-
cute process or to make a return," citing as authority
*Flury* v. *Grimes,* 52 Ga. 341, in which plaintiff's

agent levied a distress warrant on defendant's goods. In *Snydacker* v. *Brosse,* 51 Ill. 357 (99 Am. Dec. 551), the court held improper a levy on goods, under authority of a writ, by a sheriff who was himself a party, for the reason that such action would lead to oppression, wrong and irregularity and because the law will not entrust power to a person to execute a judgment in his own favor. In the *Nevada Cornell Silver Mines Case, supra,* as, also, in *People, ex rel. Lafferty,* v. *Feicke,* 252 Ill. 414 (96 N. E. 1052), the reason for holding service of summons by plaintiff invalid was stated to be the danger of a false return of service, resulting in the default of a defendant never served. Other cases cited by the texts on this subject involve the construction of specific statutory provisions of foreign jurisdictions not pertinent here.

In *Bush* v. *Meacham,* 53 Mich. 574, involving a justice of the peace summons, this Court said: "The plaintiff could not serve a summons in his own favor;" citing as authority *Morton* v. *Crane,* 39 Mich. 526. The latter case concerned service of a justice of the peace summons by a constable who was also the plaintiff. Mr. Justice COOLEY, in speaking for this Court, said:

"There are decisions in New York which hold that where the first process in a suit is not process against the body, the plaintiff if a constable and otherwise disqualified may serve it himself; though the same cases concede that he could not in his own suit serve a warrant or an execution. *Bennet* v. *Fuller,* 4 Johns. (N. Y.) 486; *Tuttle* v. *Hunt,* 2 Cow. (N. Y.) 436; *Putnam* v. *Man,* 3 Wend. (N. Y.) 202 (20 Am. Dec. 686). The reason for holding that he may serve the one process but not the others appears to be that in the case of a summons there is no special danger of abuse, while in the other cases there would be. We have not been able to assent to this conclusion. The

danger of abuse in case of a summons consists in this, that the officer may falsely make return of a service never made, and thereby put himself in position to obtain judgment by default against a party who perhaps will hear of the proceedings for the first time when an execution appears against him. No danger of abuse from an officer serving his own process can be greater than this, and the practice which would subject the officer to this temptation should not be tolerated. The courts generally have adhered with great propriety and justice to the rule that in no case shall a man be officer and party in the same proceeding."

When the *Morton Case* was decided the statute (2 Comp. Laws 1871, § 5262) was silent as to who might serve a justice of the peace summons. When the *Bush Case* was decided the statute (2 Comp. Laws 1871 [§ 5262], chap. 178, § 14, as amended by Act No. 191, Pub. Acts 1879 [How. Stat. § 6827]) provided that it might "be served by any *competent* person." The present statute (3 Comp. Laws 1929, § 15999 [Stat. Ann. § 27.3199]) provides that a justice of the peace summons "may be served by any competent *disinterested* person," et cetera.

As relates to actions at law in courts of record commenced by filing of declaration with notice of rule to plead indorsed thereon, it has long been the practice in Michigan, approved in *Penfold* v. *Slyfield,* 110 Mich. 343, that plaintiff may serve the declaration and notice upon defendant personally. While it is urged that this is because the declaration with notice is not process issued out of a court, and although this Court held in the *Penfold Case* that it is not process within the meaning of the constitutional requirement that the style of all process shall be "In the Name of the People of the State of Michigan," nevertheless, in that very case, it was recognized, without disapproval, that this Court had held in *Begole* v. *Stimson,* 39 Mich. 288, and *City of*

*Menominee* v. *Menominee Circuit Judge,* 81 Mich. 577, that a declaration with notice is process, that for many purposes it must be regarded as process, and that the filing and service thereof is in the nature of process to bring the defendant into court.

Whatever the common-law rule or the reasons therefor, it is competent for the legislature, by statute, to fix the qualifications for persons serving the summons by which suit is commenced. The statutory provision governing service of a circuit court summons reads as follows:

"All civil process at law, or in equity, issued from any court of record, except process requiring the arrest of any person, or the seizure of property, may be served by any person of suitable age and discretion, and proof of service shall be made by the affidavit of the person making such service, except when such service is made by an officer of the court authorized to serve process, when his certificate of service shall be sufficient proof thereof." 3 Comp. Laws 1929, § 14085 (Stat. Ann. § 27.752).

By thus permitting service by any person of suitable age and discretion of all process from courts of record, *except process requiring the arrest of any person or seizure of property,* the legislature seems to have recognized the validity of the distinction made by the New York courts, referred to and rejected by Mr. Justice COOLEY in *Morton* v. *Crane, supra;* namely, that there is no special danger of abuse inherent in permitting plaintiff to serve "first process," if it be not against the body or property, such as would attach to a practice of allowing him to serve a warrant or execution, and, further, to have met the objections that a plaintiff should not be permitted to serve process because the law does not trust a party to execute judgment in his own favor and because a levy upon goods or the arrest of a person by a plaintiff personally might lead to oppres-

sion, wrong or irregularity. That a man shall not be an officer and party in the same proceeding is of no particular moment under the provisions of the statute which permit service of the summons by a person in a nonofficial capacity, with proof of service by affidavit in lieu of the official return of service as made by officers. It is reasonable to conclude from this enactment that the legislature took note of the long standing practice in relation to service of declarations, upheld in *Penfold* v. *Slyfield, supra,* and perceived no reason for a different rule for service of summons, inasmuch as the hazard of a false return and resultant default of an unserved defendant is no greater in the one case than in the other, and that the legislature, in consequence, qualified "any person of suitable age and discretion" to serve either type of "first process," requiring, as a deterrent to false returns, proof of service by affidavit under all the pains and penalties of perjury.

The reasons of the old common-law rule thus disappearing insofar as "first process" is concerned, and the legislature having qualified "any person of suitable age and discretion," by a statutory enactment which discloses no intent to disqualify a plaintiff, it is not for the courts to read into it restrictions at variance with the plain language and clear meaning of the act.

The order denying defendants' motions to quash service and dismiss is affirmed, but without costs, plaintiff having filed no brief.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.